UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MELVIN D. WYNN, JR., | ) | CASE NO. 1:14 CV0434 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| A. LAZAROFF, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Melvin D. Wynn, Jr. filed the above-captioned *in forma pauperis* civil action against Warden Lazaroff at Mansfield Correctional Institution ("ManCi") and G. Mohr, Director of the Ohio Department of Rehabilitation and Correction (DRC). Mr. Wynn, who is incarcerated at ManCi, seeks unspecified damages for his placement in segregation for 30 days. He also seeks an Order directing the defendants to provide a psychological examination once he is released from segregation and to prohibit them from holding any other inmate in segregation for 30 days. For the reasons set forth below, the Complaint is dismissed.

*Background*

On an unspecified date, Mr. Wynn appeared before the Rules Infraction Board (RIB), which

imposed a 30 day recreation restrictions as punishment. He complains he was already placed in segregation on January 15, 2014 when the RIB imposed the additional punishment. Mr. Wynn believes the punishment is unjust, but does not explain his infraction or why the punishment was excessive for that violation. Moreover, Mr. Wynn claims that being confined for 24 hours a day, 7 days a week, "feel[s] as if I am being stretched very thin psycologicly [sic]" (Doc. No. 1 at 4).

Mr. Wynn did not file a grievance with the prison because he believed it would appear to be and "alternate appeal, and denied my disposition." (Doc. No. 1 at 2.) The Court presumes Mr. Wynn already filed a grievance regarding his infraction and believes a second would be considered duplicative.

*Standard of Review*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.[1] 28 U.S.C. §1915A; *Onapolis v. Lamanna*,

---

[1] The relevant statute provides:

> **(a) Screening**.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

70 F.Supp.2d 809 (N.D.Ohio 1999)(if prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act (PLRA), district court should *sua sponte* dismiss complaint); *see Siller v. Dean*, No. 99-5323, 2000 WL 145167 at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

### *Failure to State a Claim*

Before addressing the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir.1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir.1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

Mr. Wynn does not allege any basis for this Court's jurisdiction. Other than a note on his Civil Cover Sheet that the defendants are denying his "civil liberties," he has failed to establish why the complaint was filed in federal court. Even liberally construing this as a civil rights complaint, Plaintiff has failed to state a claim.

To prevail in a civil rights action, a plaintiff must plead and prove that the defendants, acting

---

28 U.S.C. §1915A(b)(1)(2009)

under color of state law, deprived him or her of a right secured by the Constitution and law of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). The statute by itself, as set forth under 42 U.S.C. §1983, does not create substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute will only apply if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' " of the United States. *Baker*, 443 U.S. at 140.

Because Mr. Wynn complains about the conditions of his confinement, the Court is mindful that prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMilian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. Plaintiff's allegation that his placement in segregation, with restricted recreation, does not present a sufficiently serious deprivation which constitutes cruel and unusual punishment.

Placement in segregation is a routine discomfort that is a part of the penalty that criminal

4

offenders pay for their offenses against society. Therefore, this condition of confinement is insufficient to support an Eighth Amendment claim. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although Mr. Wynn alleges his recreation is now "restricted," he does not allege that his access to recreation has been eliminated. Thus, his detention is not more severe than the typical conditions of segregation.

Finally, Mr. Wynn does not name any prison official who demonstrated deliberate indifference to his needs. Instead, he seeks to hold the Defendants liable for authorizing Manci officials to place any prisoner in segregation as punishment for rules infractions. Because this form of punishment is typical prison policy, Mr. Wynn has failed to state any violation of his Constitutional rights.

*Conclusion*

Based on the foregoing, Mr. Wynn's Motion to Proceed *in forma pauperis* (Doc. No. 2) is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in *forma pauperis* if the trial court certifies in writing that it is not taken in good faith."